UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| WILLIAM CHOUINARD, | ) |  |
|---|---|---|
| Plaintiff, | ) |  |
| v. | ) | No.: 3:17-CV-18-TAV-CCS |
| THE UNITED STATES, | ) |  |
| Defendant. | ) |  |

## **MEMORANDUM**

Acting pro se, William Chouinard, an inmate confined to the McMinn County Justice Center, has submitted this civil rights complaint for damages under 42 U.S.C. § 1983 [Doc. 2], as well as an application for leave to proceed without payment of fees or costs [Doc. 1].

**I.     The Filing Fee**

Based on the financial data provided, Plaintiff's application to proceed without prepayment of fees [Doc. 1] will be **GRANTED**. Nonetheless, because Plaintiff is an inmate, he will be **ASSESSED** the filing fee of three hundred and fifty dollars ($350). *McGore v. Wrigglesworth*, 114 F.3d 601, 607 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).

The custodian of Plaintiff's inmate trust account at the institution where he now resides shall submit, as an initial partial payment, whichever is the greater of: (a) twenty percent (20%) of the average monthly deposits to Plaintiff's inmate trust account; or (b) twenty percent (20%) of the average monthly balance in his inmate trust account for the six-month period preceding the filing of the complaint. 28 U.S.C. § 1915(b)(1)(A)–(B). Thereafter, the trust account custodian shall submit twenty percent (20%) of Plaintiff's preceding monthly income (or income

credited to his trust account for the preceding month), but only when such monthly income exceeds $10.00, until the full filing fee of $350 has been paid to the Clerk's Office. *McGore*, 114 F.3d at 607.

Payments should be sent to: Clerk, U.S. District Court; 800 Market Street, Suite 130, Knoxville, Tennessee 37902. To ensure compliance with the fee-collection procedure, the Clerk is **DIRECTED** to mail a copy of this memorandum and order to the custodian of inmate accounts at the institution where Plaintiff is now confined. The Clerk is also **DIRECTED** to furnish a copy of this memorandum and order to the Court's financial deputy. This memorandum and order shall be placed in Plaintiff's prison file and follow him if he is transferred to another correctional institution.

Any further request contained within Plaintiff's motion to proceed *in forma pauperis* is premature and will not be decided at this time.

## II.     Screening Requirement Standard

Under the Prison Litigation Reform Act ("PLRA") district courts must screen prisoner complaints and *sua sponte* dismiss those that are frivolous or malicious, fail to state a claim for relief, or are against a defendant who is immune. *See, e.g.*, *Benson v. O'Brian*, 179 F.3d 1014 (6th Cir. 1999).

In screening this complaint, the Court bears in mind that pro se pleadings filed in civil rights cases must be liberally construed and held to a less stringent standard than formal pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Still, the pleading must be sufficient "to state a claim to relief that is plausible on its face," *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007), which simply means that the factual content pled by a plaintiff must permit a court "to draw the reasonable inference that the defendant is liable for the

misconduct alleged," *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556).

The "facial plausibility" standard does not require "detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id*. (citations and internal quotation marks omitted). The standard articulated in *Twombly* and *Iqbal* "governs dismissals for failure to state a claim under [28 U.S.C. §§ 1915(e)(2) and 1915A] because the relevant statutory language tracks the language in Rule 12(b)(6)." *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010).

### III. Plaintiff's Allegations

Plaintiff represents that he possesses "inalienable [sic] rights to life, liberty and the pursuit of happiness" [Doc. 2 p. 2]. He argues that "[a]nything that is termed as a victimless crime is merely a dictatorial violation of a citizen's pursuit of happiness and violates every foundation element of our [C]onstitution and [B]ill of [R]ights" [*Id*.]. A real crime requires there to be a victim [*Id*. at 3]. It is a violation of due process for a statute or a government agent to be a "complaining citizen" for the purpose of a warrant on the accusation of a victimless crime [*Id*.]. Plaintiff maintains that it is cruel and unusual punishment to impose a loss of liberty if found guilty of a victimless crime [*Id*. at 4]. Without a proven victim, Plaintiff argues punishment of incarceration of a year or more is unconstitutional [*Id*. at 7].

Plaintiff asserts that there must be a change to the Constitution, such as the amendment that was added to the Bill of Rights concerning alcohol [*Id*. at 5]. He states that "[t]he loss of freedom for anything not considered a crime . . . would require a new amendment to the Constitution" [*Id*. at 6]. He likens the incarceration of a "victimless criminal" to slavery" [*Id*. at 7].

In his document entitled "Petition for joiner," Plaintiff declares that in an effort to enforce the complained of unconstitutional laws regarding punishment for victimless crimes, he has been "beaten, kidnapped, blackmailed, extorted, victimized, [his] famil[y] [has] been destroyed, [his] home[] invaded, [his] peace and dignity robbed" [*Id*. at 9].

## IV. Law and Analysis

In order to state a claim under 42 U.S.C. § 1983, a plaintiff must establish that he was deprived of a federal right by a person acting under color of state law. *Black v. Barberton Citizens Hosp.*, 134 F.3d 1265, 1267 (6th Cir. 1998); *see also Braley v. City of Pontiac*, 906 F.2d 220, 223 (6th Cir. 1990) ("Section 1983 does not itself create any constitutional rights; it creates a right of action for the vindication of constitutional guarantees found elsewhere.").

Plaintiff, however, does not assert that any defendant was acting under the color of state law, as the only named defendant is the United States of America. Although plaintiffs may sue federal officials for denying them their constitutional rights under *Bivens v. Six Unknown Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971), a *Bivens* action for damages may be brought only against individual federal officials, not against the United States. *Shaner v. United States*, 976 F.2d 990, 995 (6th Cir. 1992) (*citing Ashbrook v. Block*, 917 F.2d 918, 924 (6th Cir. 1990)). Here, Plaintiff has failed to name individual federal officials as defendants in this action. Thus, this Court does not have subject matter jurisdiction over Plaintiff's asserted claims. Notwithstanding, the Court further finds that Plaintiff fails to allege that his constitutional rights have been violated but rather appears to be requesting that this Court amend federal laws to eliminate punishment resulting from being found guilty of a victimless crime. This Court is not the forum that can provide Plaintiff with the type of assistance requested. The Court finds that

4

Plaintiff's motion fails to form the basis of a § 1983 claim for deprivation of rights secured by the Constitution, and thus, fails to state a claim upon which relief may be granted.

V.    **Conclusion**

Based on the foregoing, Plaintiff's application to proceed without prepayment of fees [Doc. 1] will be **GRANTED**.  Nonetheless, Plaintiff will be **ASSESSED** the filing fee of three hundred and fifty dollars ($350), and shall follow the procedures as outlined in this memorandum.

In addition, Plaintiff's complaint will be **DISMISSED** under 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b).  The Court will **CERTIFY** pursuant to 28 U.S.C. § 1915(a)(3) that for the reasons expressed herein an appeal of this Court's Order would not be taken in good faith.  *See McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997).

    **AN APPROPRIATE ORDER WILL FOLLOW.**

    s/ Thomas A. Varlan
    CHIEF UNITED STATES DISTRICT JUDGE